Lewis Huntsinger v. E. G. Trexler, H. C. Trexler and J. H. Turrell, trading as Trexler & Turrell Lumber Company, Appellants.

*Negligence—Railroad—Fellow servant—Employment of incompetent servant.*

In an action by a brakeman against his employer to recover damages for personal injuries caused by the negligence of the conductor of a log train upon which plaintiff was employed, a verdict and judgment for the plaintiff will be sustained, where the evidence tended strongly to show that the conductor was a manifestly incompetent servant for the duties he had to perform, and that the fact of his incompetency was known or ought to have been known to the defendants when they employed him as conductor.

Argued March 15, 1897.  Appeal, No. 536, Jan. T., 1896, by defendants, from judgment of C. P. Sullivan Co., Sept. T., 1894, No. 64, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries.  Before DUNHAM, P. J.

At the trial it appeared that the plaintiff was employed by the defendants as a brakeman on a log train.  On June 24, 1893, the plaintiff was injured in a collision, and the evidence tended strongly to show that the accident was caused by acts of negli-

gence of omission of George Brockham, the conductor of the train upon which the plaintiff was brakeman. The evidence also tended to show that Brockham was an incompetent person to employ as conductor, and that this was known or ought to have been known to the defendants.

Defendants' point and answer thereto were as follows:

1. Under all the evidence in the case the verdict must be for the defendants. *Answer:* This we decline to charge you, but leave it to you under the evidence and the law as we have given it to you.

Verdict and judgment for plaintiff for $1,250. Defendants appealed.

*Error assigned* was above instruction, quoting it.

*Henry Streeter* and *T. J. Ingham,* with them *J. G. Scouten, R. J. Thomson* and *F. H. Ingham,* for appellants.—The evidence of defendants' negligence was not sufficient for the jury: Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Reiser v. Penna. Co., 152 Pa. 38; Kennelty v. R. R., 166 Pa. 60; Rumsey v. R. R., 151 Pa. 74; 14 Am. & Eng. Ency. of Law, 845; Frazier v. R. R., 38 Pa. 104; Weger v. R. R., 55 Pa. 460; Moules v. D. & H. Canal Co., 141 Pa. 632; Mulhern v. Coal Co., 161 Pa. 270; 1 Weimer's R. R. Law, p. 605; Cole v. N. C. R. R., 12 Pa. C. C. 573; R. R. v. Hughes, 119 Pa. 301; Hoover v. R. R., 154 Pa. 362; Bridge Co. v. Newberry, 96 Pa. 246; Hartman v. R. R., 144 Pa. 345; Mensch v. R. R., 150 Pa. 598; Rehm v. R. R., 164 Pa. 91; Reese v. Clark, 146 Pa. 465.

*D. C. De Witt,* with him *John H. Cronin* and *Alphonsus Walsh,* for appellee, cited Lebbering v. Struthers, Wells & Co., 157 Pa. 312.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 27, 1897:

The only error assigned by the defendants is the refusal of the learned trial judge to withdraw the case from the jury by instructing them in the language of their point: " That under all the evidence in this case the verdict must be for the defendants."

In view of the testimony, properly before the jury, it would have been manifest error to have thus instructed them. It was

claimed by the plaintiff that the proximate cause of the collision in which he was injured was not the negligence (properly speaking) of George Brockham, the conductor of defendants' "log train," but his manifest unskilfulness, inexperience and incompetency for the position of conductor of any train; and testimony, tending not only to prove the fact of his incompetency, etc., but that the defendants, with full knowledge of the facts, employed and put him in charge of the train, etc., was introduced. If this testimony was believed by the jury, it is impossible to conceive how, under the charge, they could have done otherwise than find as they did. The plaintiff's contention in that regard was fairly and adequately presented to the jury by the learned judge, who instructed them that if Brockham's omission to protect the "log train," of which he was conductor, against the approaching train, of the coming of which he had been duly notified, was because of his incompetency and want of skill,—"because he did not know any better, and did not know how to perform his duties, and thereby injury occurred, then, if the defendants were negligent in employing this man and putting him in the position that they did, the plaintiff would have a right to recover." On the other hand, "if the injury was occasioned, not by his want of skill, but by his disregard of his knowledge in the matter, by his disregarding his own knowledge and what he ought to do under the circumstances, or in taking the risk and hazard upon himself, then that would be the negligence of a coemployee for which the plaintiff could not recover." In affirming defendant's third point he also instructed them to the same effect, thus : " The plaintiff must prove affirmatively that the cause of the accident, resulting in his injury, was the result of some negligent act or omission of the fellow-servant, Brockham, and that Brockham was an incompetent servant for the duties he had to perform, and that the fact of his incompetency was known to the defendants when he was employed, or that it ought to have been known to them," etc. It requires neither argument nor citation of authority to show the substantial accuracy of the learned judge's instructions on this vital point in the plaintiff's case; nor is it necessary to refer specially to the testimony for the purpose of showing that such instruction was fully warranted. It is sufficient to say that the testimony before the jury tended strongly to show that Brockham

was a manifestly incompetent servant for the duties he had to perform, and that the fact of his incompetency was known or ought to have been known to the defendants when they employed him as conductor and put him in charge of their "log train." The verdict is necessarily and properly predicated of a finding by the jury of all the facts required to justify a recovery by the plaintiff. There is nothing in the case that requires further elaboration.

Judgment affirmed.